

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 12, 1974

The Honorable Franklin L. Smith
County Attorney
Nueces County
County Courthouse
Corpus Christi, Texas 78401

Opinion No. H- 225

Re: Removal of Judge of
    the Domestic Relations
    Court of Nueces County,
    Texas

Dear Mr. Smith:

You have asked us two questions concerning the office of Judge of the Domestic Relations Court of Nueces County as created by Article 2338-10, V.T.C.S. Your questions are:

"1. Is the office of Judge of the Domestic Relations Court of Nueces County a state or district office, or is it a county office?

"2. Is Section 14 of Article 2338-10 providing for the removal of the Judge of the Court of Domestic Relations of Nueces County in the same manner and for the same causes as a County Judge may be removed under the laws of this State constitutional?"

Section 3 of Article 2338-10, V.T.C.S., grants to the Nueces County Court of Domestic Relations "jurisdiction concurrent with the District Courts of Nueces County" of all cases generally involving domestic relations. Section 14 of the Act provides:

"The Judge of the Court of Domestic Relations of Nueces County may be removed from office in the same manner and for the same causes as a County Judge may be removed under the laws of this State."

Article 5, § 24, of the Texas Constitution provides as follows:

> "County Judges, county attorneys, clerks of the
> District and County Courts, justices of the peace,
> constables, and other county officers, may be removed
> by the Judges of the District Courts for incompetency,
> official misconduct, habitual drunkenness, or other
> causes defined by law, upon the cause therefor being
> set forth in writing and the finding of its truth by a jury. "

Another means of removal is provided by the section of the Constitution establishing the State Judicial Qualifications Commission. Texas Constitution, Article 5, § 1-a.

Although, as you point out in your opinion request, the office of Judge of the Domestic Relations Court of Nueces County is in many respects similar to the office of District Judge, we believe that the primary authority in this inquiry is the opinion of the Supreme Court of Texas in Jordan v. Crudgington, 231 S. W. 2d 641 (Tex. 1950). In that case the Supreme Court was considering the constitutionality of Article 2338-3, V. T. C. S. (see also Acts 1949, 51st Leg. , ch. 426, p. 792), establishing the Court of Domestic Relations in and for Potter County, Texas, which statute is similar to Article 2338-10. However, the article establishing the Domestic Relations Court of Potter County, Texas, provided a somewhat elaborate and innovative procedure for removing said judge and in holding this provision unconstitutional, the Supreme Court stated:

> "Another provision is for the removal of the judge
> and clerk of this court by the Juvenile Board. That
> provision is violative of Article V, Section 24, of the
> Constitution, which provides that county officers may
> be removed by district judges upon findings by juries.
> The judge and clerk of the court created by this Act
> are county officers, and, therefore, can be removed
> only in the manner prescribed by this section of the
> Constitution. . . . " (231 S. W. 2d at 646).

At another point in its opinion, the court again stated that "[t]he judge of the court created by this Act is a county officer" and therefore required that said judge reside in the county where the court has jurisdiction. (231 S. W. 2d at 646).

Our determination that the conclusion of the court in Jordan v. Crudgington, supra, is applicable in this case is reinforced by the requirement that the judge's salary be paid from the county treasury. Vernon's Texas Civil Statutes, Article 2338-10, § 2.

Therefore, the answer to your first question is that, for purposes of removal from office, the judge of the Court of Domestic Relations for Nueces County is a county officer, and the answer to your second question is that the provision established for the removal of that judge in the same manner and for the same causes as a county judge is constitutional.

## SUMMARY

For the purpose of removal from office, the judge of the Court of Domestic Relations of Nueces County is a county officer and the provision providing for his removal in the same manner and for the same causes as a County Judge is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee